OPINION
{¶ 1} Appellant, Teresa Caudell, and appellee, Daniel McKenzie, were divorced in the state of Texas on April 27, 1995. Two children were born as issue of the marriage, to wit: Alicia McKenzie born September 7, 1988 and Nicholas McKenzie born November 24, 1991. Pursuant to the decree of divorce, appellee was designated the "conservator" of the minor children, equal to "residential parent" in Ohio.
 {¶ 2} Sometime in 2000, appellee moved with the children to North Carolina. Appellant moved to Ohio shortly thereafter.
 {¶ 3} On June 15, 2003, appellant picked up the children for her summer companionship. Based upon facts related by Nicholas i.e., he had been struck on numerous occasions by his stepmother, appellant filed a complaint for the reallocation of parental rights in the Court of Common Pleas of Fairfield County, Ohio, Domestic Relations Division on July 2, 2003. A hearing for purposes of determining jurisdiction was held on July 25, 2003. By judgment entry filed November 3, 2003, the trial court denied jurisdiction.
 {¶ 4} Also on November 3, 2003, appellee filed a motion for attorney's fees based on frivolous conduct pursuant to R.C.2323.51. A hearing was held on January 3, 2004. By judgment entry filed March 31, 2004, the trial court found appellant had engaged in frivolous conduct and ordered her to pay the fees of the guardian ad litem ($500.00) and appellee's attorney ($7,885.66), as well as court costs. A nunc pro tunc judgment entry was filed on April 27, 2004.
 {¶ 5} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 6} "The trial court abused its discretion and erred as a Matter of law in finding that the plaintiff-appellant's complaint to reallocate parental rights, filed pursuant to R.C. §3109.22(A)(2) and (3), was frivolous pursuant to R.C. §2323.51(A)(2)(a)(i)."
 II {¶ 7} "The trial court abused its discretion and erred as a Matter of law in finding that the plaintiff-appellant's complaint, insofar as it alleged the minor child was an abused child, was frivolous."
 III {¶ 8} "The trial court erred as a matter of law in awarding attroney's fees of $7,885.66 without expert testimony in support of the same. The fee award was exorbitant and error as a matter of law."
 I, II {¶ 9} Appellant claims the trial court erred in finding her complaint was frivolous. We disagree.
 {¶ 10} The standard of review applicable to this issue is abuse of discretion. Riston v. Butler (2002),149 Ohio App.3d 390. In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment.Blakemore v. Blakemore (1983) 5 Ohio St.3d 217.
 {¶ 11} R.C. 2323.51(A)(2)(a)(i) defines "frivolous conduct" as follows:
 {¶ 12} "a) Conduct of an inmate or other party to a civil action, of an inmate who has filed an appeal of the type described in division (A)(1)(b) of this section, or of the inmate's or other party's counsel of record that satisfies either of the following:
 {¶ 13} "(i) It obviously serves merely to harass or maliciously injure another party to the civil action or appeal."
 {¶ 14} Jurisdiction in attempting to file a child custody action is controlled by R.C. 3109.22(A) which states as follows:
 {¶ 15} "(A) No court of this state that has jurisdiction to make a parenting determination relative to a child shall exercise that jurisdiction unless one of the following applies:
 {¶ 16} "(1) This state is the home state of the child at the time of commencement of the proceeding, or this state had been the child's home state within six months before commencement of the proceeding and the child is absent from this state because of his removal or retention by a parent who claims a right to be the residential parent and legal custodian of a child or by any other person claiming his custody or is absent from this state for other reasons, and a parent or person acting as parent continues to live in this state;
 {¶ 17} "(2) It is in the best interest of the child that a court of this state assumes jurisdiction because the child and his parents, or the child and at least one contestant, have a significant connection with this state, and there is available in this state substantial evidence concerning the child's present or future care, protection, training, and personal relationships;
 {¶ 18} "(3) The child is physically present in this state and either has been abandoned or it is necessary in an emergency to protect the child because he has been subjected to or threatened with mistreatment or abuse or is otherwise neglected or dependent;
 {¶ 19} "(4) It appears that no other state would have jurisdiction under prerequisites substantially in accordance with division (A) (1), (2), or (3) of this section, or a court in another state has declined to exercise jurisdiction on the ground that this state is the more appropriate forum to make a parenting determination relative to the child, and it is in the best interest of the child that this court assume jurisdiction."
 {¶ 20} It is undisputed that the children's domicile is not in Ohio and at no time did Ohio have any jurisdictional contact with the child custody issue. Appellant argues an emergency arose because after she picked up the children for summertime visitation, Nicholas told her about alleged abuse by the stepmother. July 25, 2003 T. at 9-10. After questioning her daughter, Alicia, appellant became aware that the alleged abuse involved parental discipline. Id. at 13. The guardian ad litem confirmed the alleged abuse was parental discipline. January 13, 2004 T. at 10. Clearly twenty-three days after filing the complaint, appellant knew the issue was not child abuse but parental discipline.
 {¶ 21} Upon review, we concur with the trial court that the filing of the complaint and its subsequent prosecution constituted frivolous conduct pursuant to R.C.2323.51(A)(2)(a)(i).
 {¶ 22} Assignments of Error I and II are denied.
 III {¶ 23} Appellant claims the trial court erred in awarding attorney fees without the benefit of expert testimony. We agree.
 {¶ 24} The awarding of attorney fees is within the sound discretion of the trial court. Swanson v. Swanson (1976),48 Ohio App.2d 85; Blakemore.
 {¶ 25} We find the record reveals that appellee testified to the invoices presented to him by his attorney. January 13, 2004 T. at 47; Defendant's Exhibit 1. Appellant's counsel objected to the admission of the exhibit. Id. at 69. There was no testimony as to the breakdown of the fees and services, nor was there any testimony as to the reasonableness of the fees.
 {¶ 26} A party who asserts an affirmation of a fact has the burden to prove the fact. "Where a determination has been made that an entire lawsuit, a certain claim or claims, or a defense or defenses asserted in a civil action were frivolous, the party seeking R.C. 2323.51 attorney fees must affirmatively demonstrate that he or she incurred additional attorney fees as a direct, identifiable result of defending the frivolous conduct in particular." Wiltberger v. Davis (1996), 110 Ohio App.3d 46,54.
 {¶ 27} Upon review, we conclude the evidence presented was insufficient to establish the attorney's fees.
 {¶ 28} Assignment of Error III is granted.
 {¶ 29} The judgment of the Court of Common Pleas of Fairfield County, Ohio, Domestic Relations Division is hereby affirmed in part and reversed in part.
Farmer, J., Hoffman, P.J. and Wise, J. concur.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Fairfield County, Ohio, Domestic Relations Division is affirmed in part and reversed in part. The judgment as to attorney's fees is reversed. Costs to be paid by appellant.